UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFERY C. BRUCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 1:17-cv-02288-TWP-MJD |
| | ) |
| INDIANA DEPARTMENT OF CORRECTIONS, ROBERT E. CARTER, JR. Commissioner, DUSHAN ZATECKY Warden, Pendleton Correctional Facility, CORIZON MEDICAL, PAUL TALBOT Dr., ALEYCIA MCCULLOUGH, WALKER Nurse, RUBY Nurse, DONNIE WILLIAMS Lt., | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I. Standard of Review**

Plaintiff Jeffery C. Bruce is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

Bruce alleges on November 30, 2016, he broke out in a rash on both of his legs. The rash continued for two months. During this time, the pain was so bad Bruce could hardly walk. Dr. Talbot saw Bruce and prescribed an antibiotic and hydrocortison crème. Dr. Talbot also ordered blood work and a biopsy which was never done. The pain continued and on December 18, 2016, Bruce was sent to the Urgent Care Clinic and given a 48 hour lay in and prescribed Tylenol. On December 22, 2016, Dr. Talbot ordered blood tests, a four week lay in and prescribed Trimidol pain medication. Pictures of Bruce's legs were taken and sent to a dermatologist. On December 23, 2016, Dr. Talbot ordered that Bruce be taken to St. Vincent Hospital's Emergency Room in Anderson, Indiana. Blood tests and cultures were ordered and came back negative. Bruce was then referred to a Dermatologist. Bruce's medication expired and was not refilled On December 26, 2016, Bruce's face, lips and throat swelled up and after repeated calls by custody staff, Bruce was given a Benadryl injection which helped the swelling go down. Ultimately, Bruce was sent to the dermatologist who ordered ampicillin and a steroid, but the steroid was not made available to him for six days and he was only given the ampicillin after he filed a grievance.

### III. Eighth Amendment

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (*citing Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005).

In this case, the most applicable provision is the Eighth Amendment. Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). "A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010).

## IV. Discussion of Claims

### A. Dismissed Claims

The claims against the Indiana Department of Correction (IDOC), Commissioner Robert E. Carter, Jr., Warden Dushan Zatecky, and Lt. Donnie Williams are **dismissed** for the following reasons.

First, IDOC **is dismissed** as a defendant because the Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). In addition, states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in Bruce's complaint. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).

Claims against the Commissioner and Warden are dismissed because there is no factual basis to conclude that these supervisory defendants had any role in the denial or delay of necessary medical care. "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). In fact, there is no basis to conclude that these defendants even knew that Bruce was experiencing a problem obtaining necessary medical care. *See Olive v. Wexford Corp.*, 494 Fed. Appx. 671, 673 (7th Cir. 2012) ("[The plaintiff] does contend that he complained to [the head of the prison medical department] Shicker about [his treating doctor's] decisions and that Shicker

did not intervene to help him. But both *Iqbal* and *Burks* hold that a supervisor is not liable just because a complaint is made and an effective solution is not forthcoming.").

Similarly, claims against Lt. Williams are dismissed. The only factual allegation asserted against Lt. Williams is that he refused to call medical to get medical providers to see Bruce until he saw that Bruce was not faking the illness or the pain. At that time, Lt. Williams actively sought medical assistance on Bruce's behalf. These facts are not sufficient to allege that Lt. Williams was deliberately indifferent to Bruce's serious medical needs. Instead the complaint alleges that when Lt. Williams became aware of the serious medical need, he attempted to assist Bruce in obtaining medical care.

### B. *Claims which May Proceed*

The allegations in the complaint are sufficient to allege an Eighth Amendment claim against Corizon Medical for its alleged systemic failures in providing necessary medications and responding to Bruce's medical needs in a timely fashion. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017) (holding that the failure to make policy itself may be actionable conduct). Bruce has adequately alleged a policy or practice claim against the corporate defendant.

These facts (read liberally) are also sufficient to allege that Dr. Paul Talbot, Aleycia McCullough, Nurse Walker, and Nurse Ruby were deliberately indifferent to Bruce's serious medical needs.

This summary of remaining claims includes all of the viable claims identified by the Court in the complaint. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through August 22, 2017,** in which to identify those claims.

## V. Service of Process

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Corizon Medical, (2) Dr. Paul Talbot, (3) Aleycia McCullough, (4) Nurse Walker, and (5) Nurse Ruby, in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

Date: 7/26/2017

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFERY C. BRUCE
893014
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Corizon Health
103 Powell Court
Brentwood, TN  37027

Dr. Paul Talbot
PENDLETON CORRECTIONAL FACILITY
4490 West Reformatory Road
PENDLETON, IN 46064

Aleycia McCullough
PENDLETON CORRECTIONAL FACILITY
4490 West Reformatory Road
PENDLETON, IN 46064

Nurse Walker
PENDLETON CORRECTIONAL FACILITY
4490 West Reformatory Road
PENDLETON, IN 46064

Nurse Ruby
PENDLETON CORRECTIONAL FACILITY
4490 West Reformatory Road
PENDLETON, IN 46064

Copy to:

Jeb Adam Crandall
BLEEKE DILLON CRANDALL PC
8470 Allison Pointe Boulevard
Suite 420
Indianapolis, IN 46250